**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 21-2468

———————

TAHARQA DEAN

v.

BOROUGH OF GLASSBORO; ALEX FANFARILLO, Former Police Chief; OFFICER
MICHAEL FANFARILLO; KYLE SNYDER; GEORGE MOORE; OFFICER
DOMINIC VISCEGLIA; OFFICER BARRY GRAY; JOHN DOES 1 THROUGH 10,
individually and in their official capacities, jointly, severally, and in the alternative,
Appellants

———————

On Appeal from the United States
District Court for the District of New Jersey
(D.C. No. 1:17-cv-07344)
District Judge: Honorable Noel L. Hillman

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
December 6, 2022

Before: SHWARTZ, MATEY, and FUENTES, *Circuit Judges*.

(Opinion filed:  March 22, 2023)

———————

OPINION[*]

———————

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does
not constitute binding precedent.

MATEY, *Circuit Judge*.

Taharqa Dean had a seizure that required emergency medical assistance and suffered injuries during the response. He brought this excessive force suit against a group of responding officers. The District Court denied the officers' request for qualified immunity, citing a list of disputed facts. But the District Court should have evaluated the materiality of these facts in light of the Supreme Court's test for objective reasonableness, determined if the officers violated a clearly established right, and performed this analysis for each defendant officer. So we will vacate the District Court's order and remand for further proceedings.[1]

## I.

The District Court ruled that "disputed material facts must be resolved by a jury prior to the Court's determination of whether Defendants are entitled to qualified immunity." App. 30. Only with these answers, the District Court concluded, would it then be able to "make the ultimate determination as to whether Defendants' use of force on Plaintiff was reasonable." App. 30. But "qualified immunity is 'an immunity from suit

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367(a). We have jurisdiction over this interlocutory appeal under the collateral order doctrine. While "[a]n order denying a motion for summary judgment is generally not a final decision within the meaning of [28 U.S.C.] § 1291," "that general rule does not apply when the summary judgment motion is based on a claim of qualified immunity." *Plumhoff v. Rickard*, 572 U.S. 765, 771 (2014). Under the collateral order doctrine, "our review is plenary and 'strictly limited to the legal questions involved.'" *James v. N.J. State Police*, 957 F.3d 165, 167 (3d Cir. 2020) (quoting *In re Montgomery Cnty.*, 215 F.3d 367, 372 (3d Cir. 2000)). "We lack jurisdiction to review the District Court's determination that a factual dispute is genuine, but we have jurisdiction to consider whether the disputed fact is material to the issue on which a party sought summary judgment." *Id.*

rather than a mere defense to liability[,]'" meaning immunity "is effectively lost if a case is erroneously permitted to go to trial." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). This makes the District Court's path problematic for three reasons.

*First*, because summary judgment turns on disputes over material facts, denying a motion under Rule 56 requires "specify[ing] those material facts that are and are not subject to genuine dispute and explain[ing] their materiality." *Forbes v. Twp. of Lower Merion*, 313 F.3d 144, 146 (3d Cir. 2002); *see also James v. N.J. State Police*, 957 F.3d 165, 169 n.4 (3d Cir. 2020) (noting district court "did not specify which material facts were in dispute or explain their materiality"). Here, the District Court collected several examples of "disputed facts," App. 28–30, but did not explain their materiality.

In addition, the Court stated that the parties dispute whether Dean 1) intentionally tried to kick Officer Fanfarillo, 2) purposefully attempted to disarm Officer Snyder, 3) purposefully attempted to bite the officers, and 4) continued his resistance because of the seizure or pain. But none of these examples relate to objective reasonableness because they center on Dean's state of mind, as opposed to "the facts and circumstances confronting" the officers. *Graham v. Connor*, 490 U.S. 386, 397 (1989). Instead, the analysis should center on how a reasonable officer would have perceived Dean's actions.

Moreover, the Supreme Court has repeatedly and recently explained which "facts and circumstances" are material to the qualified immunity analysis: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force;

the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Lombardo v. City of St. Louis*, 141 S. Ct. 2239, 2241 (2021) (per curiam) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). This list of circumstances—known as the *Kingsley* factors—focuses on "only the facts that were knowable to the defendant officers" at the time of the altercation. *White v. Pauly*, 580 U.S. 73, 77 (2017) (per curiam). And although the factors are not "exclusive," they do "illustrate the types of objective circumstances potentially relevant to a determination of excessive force." *Kingsley*, 576 U.S. at 397.[2]

*Second*, even if disputed issues of material fact precluded a determination of objective reasonableness, the District Court should have moved on to the "clearly established" prong of qualified immunity. The Court "note[d] . . . the significance of *Rivas v. City of Passaic*, 365 F.3d 181 (3d Cir. 2004)," but stopped short of "reach[ing] the issue of whether the right was clearly established." App. 31–32 n.7. Instead, the District Court cited *Curley v. Klem*, 499 F.3d 199, 211 & n.12 (3d Cir. 2007) to propose using a jury to first resolve the disputed facts material to the qualified immunity analysis. But *Curley* relied on the strict sequencing rule in *Saucier v. Katz*, 533 U.S. 194, 201 (2001). *See Curley*, 499 F.3d at 207–08 ("While the *Saucier* analytical approach has been criticized for being unduly rigid and demanding resolution of constitutional issues when cases could be more

---

[2] The *Kingsley* factors augment the traditional excessive force factors announced 26 years earlier in *Graham*: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. And *Lombardo* confirms that courts should analyze the *Kingsley* factors in an excessive force case, in addition to the factors in *Graham*. *See Lombardo*, 141 S. Ct. at 2241 & n.2.

simply disposed of on other grounds, its order of inquiry nevertheless remains mandatory." (citations omitted)). *Saucier* required judges to resolve issues of fact related to whether the force used was objectively reasonable before considering whether clearly established law prohibited the official's actions. As *Curley* noted, the sequencing rule practically meant that "immunity becomes no more than a mere defense, and a sometimes challenging one to establish at that." *Id.* at 208 (citation omitted).

That practice changed in 2009 when *Pearson v. Callahan* widened judicial discretion and abandoned *Saucier*'s sequencing rule. *See* 555 U.S. at 236. *Pearson* explained that courts can assume a constitutional violation and immediately consider whether the challenged actions were prohibited by clearly established law if that would end the case. *See id.* at 236–37. So after *Pearson*, courts may (and often should) resolve qualified immunity claims without waiting for a jury to weigh in on disputed facts. *See, e.g.*, *White*, 580 U.S. at 79 (assessing whether "existing precedent . . . placed the . . . constitutional question beyond debate" even though material facts remained in dispute (citation omitted)).

"An official sued under § 1983 is entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was 'clearly established' at the time of the challenged conduct." *Plumhoff v. Rickard*, 572 U.S. 765, 778 (2014). "And a defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Id.* at 778–79. "In other words, 'existing

5

precedent must have placed the statutory or constitutional question' confronted by the official 'beyond debate.'" *Id.* (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

How that question is framed matters because, at some level, any right is definite and undebatable. All understand that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. But that is too general, too abstract to provide a reasonable official proper guidance. Indeed, the Supreme Court has "repeatedly told courts . . . not to define clearly established law at a high level of generality." *Plumhoff*, 572 U.S. at 779 (quoting *al-Kidd*, 563 U.S. at 742). So the District Court must look for clearly established law "in light of the specific context of the case, not as a broad general proposition." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam)) (reversing because the lower court failed to focus on the "dispositive question" of "whether the violative nature of *particular* conduct is clearly established" (citation omitted)).

*Third*, "whenever a district court denies a public official qualified immunity at summary judgment," the court must "analyze separately, and state findings with respect to, the specific conduct of each defendant." *Williams v. City of York*, 967 F.3d 252, 257 (3d Cir. 2020) (quoting *Grant v. City of Pittsburgh*, 98 F.3d 116, 126 (3d Cir. 1996)) (cleaned up). This supervisory rule exists "to ensure that district courts enforce the tenet, 'manifest in our excessive force jurisprudence,' that a 'plaintiff alleging that one or more officers engaged in unconstitutional conduct must establish the "personal involvement" of each

named defendant to survive summary judgment and take that defendant to trial.'" *Id.* at 257–58 (quoting *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 285, 289 (3d Cir. 2018)).

Rather than individually assessing the immunity of each officer, the District Court assumed the actions of each were alike. So "we will remand this case to the district court to redetermine the qualified immunity issue with respect to the conduct of each individual defendant." *Grant*, 98 F.3d at 121.

## II.

For these reasons, we will vacate the District Court's summary judgment order and remand for proceedings consistent with this opinion.